Harold Edward Hambley was convicted of sexual abuse in the first degree and was sentenced to three years' imprisonment. His sentence was suspended, and he was placed on probation for a period of five years provided that he serve 12 hours per day for six years in a county jail. Three issues are raised on this appeal.
 I
Hambley contends that the trial court erred in overruling his motion to dismiss the indictment on the grounds that the indictment failed to state the time and place of the alleged offenses and that the indictment was vague and ambiguous as to the charges against him.
The general rule is that it is not necessary to state in an indictment the precise time an offense was committed unless time is a material ingredient of the offense. Ala. Code §15-8-30 (1982); A.R.Cr.P. Temp. 15.2(d). Time is not a material ingredient of the offense of sexual abuse in the first degree.See Thornton v. State, 480 So.2d 34 (Ala.Cr.App. 1985),overruled on other grounds, 551 So.2d 1161 (Ala.Cr.App. 1989),cert. denied, 551 So.2d 1161 (Ala. 1989).
Hambley, moreover, waived arraignment and entered a plea of not guilty to the indictment. Generally, a defendant's entry of a plea to the merits of an indictment constitutes a waiver of all defects in the indictment unless the indictment was so defective that it left the defendant unaware of the nature and course of the charge against him. A.R.Cr.P.Temp. 16.2(c);Fisher v. State, 453 So.2d 2 (Ala.Cr.App. 1984), cert. denied,453 So.2d 2 (Ala. 1984). The indictment in the instant case clearly gave Hambley sufficient notice of the charge against him as required by Ala. Code § 15-8-21 (1982), and was not fatally defective.
 II
Hambley contends that the trial court erred in failing to grant a mistrial when the prosecutor showed the jury an unadmitted writing or drawing by the alleged victim as part of her closing argument.
The record indicates that immediately after the prosecutor showed the unmarked document to the jury and defense counsel objected, the trial court sustained the objection and instructed the jury to disregard anything they saw when the prosecutor displayed the document and to disregard any statements which the prosecutor may have made concerning the document. "When, as here, a trial court immediately charges the jury to disregard improper remarks, there is a prima facie presumption against error." Woods v. State, 460 So.2d 291, 295
(Ala.Cr.App. 1984), cert. denied, 460 So.2d 291 (Ala. 1984). Control of closing *Page 694 
arguments, moreover, rests in the broad discretion of the trial judge, and where there is no abuse of discretion established, there is no error. Hannah v. State, 518 So.2d 182 (Ala.Cr.App. 1987), cert. denied, 518 So.2d 182 (Ala. 1987). "Where error is eradicable a mistrial is too drastic and is properly denied."Woods v. State, 460 So.2d at 296.
The record supports no finding of abuse of the trial judge's discretion in overruling the request for a mistrial and the motion for a new trial.
 III
As his final argument, Hambley contends that the trial court erred in sentencing him to a probationary period in excess of the five-year statutory maximum mandated by Ala. Code 1975, § 15-22-54(a). We agree.
The trial court imposed the following sentence upon Hambley:
 "[I]t is CONSIDERED, ORDERED, and ADJUDGED by the Court that the Defendant be, and the Defendant is, hereby sentenced to the Shelby County Jail for a period of 3 years and no days. I am going to suspend his sentence and place you on probation for 5 years under the following conditions. Number one, that you actually serve 12 hours per day for the next 6 years. This will enable you to work. I'm going to instead of serving your 3 year sentence straight out, you will be serving 12 hours per day for 6 years in the Shelby County Jail."
Section 15-22-54(a) clearly states that "in no case . . . shall the maximum probation period of a defendant guilty of a felony exceed five years." The Alabama Supreme Court, in the case of Ex parte Jackson, 415 So.2d 1169 (Ala. 1982), noted that this five-year period could not be expanded by allowing consecutive sentences of probation where a defendant currently under probation is sentenced under a subsequent conviction placed on probation.
We hold that Hambley's unorthodox probation period of 12 hours per day for six years contravenes the five-year statutory maximum probation period. Because the duration of Hambley's probation period is six years, it is irrelevant that he will only "serve" a portion of each day for that six-year period.
The judgment of the circuit court is reversed, and the case is remanded for entry of a proper sentence.
The foregoing opinion was prepared by JAMES H. FAULKNER, a Retired Justice, Supreme Court of Alabama, serving as a Judge of this court, and his opinion is adopted as that of this court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.