MONTIEL, Judge.
The appellant was indicted for murder, in violation of § 13A-6-2, Code of Alabama 1975. He was found guilty of the lesser included offense of manslaughter and was sentenced to 20 years in prison. He raises three issues on appeal.
I
The appellant contends that the trial court erred in admitting the shotgun allegedly used in the offense into evidence because, he argues, the State failed to prove a proper chain of custody. We disagree.
“The purpose for requiring that the chain of custody be shown is to establish to a reasonable probability that there has been no tampering with the evidence. Williams v. State, 375 So.2d 1257 (Ala.Crim.App.), cert. denied, 375 So.2d 1271 (Ala.1979); Tate v. State, 435 So.2d 190 (Ala.Crim.App.1983); Smith v. State, 446 So.2d 68 (Ala.Crim.App.1984). ‘The evidence need not negate the most remote possibility of substitution, alteration, or tampering with the evidence, but rather must prove to a reasonable probability that the item is the same as, and not substantially different from, the object as it existed at the beginning of the chain.’ Slaughter v. State, 411 So.2d 819, 822 (Ala.Crim.App.1981) (emphasis supplied).”
Ex parte Williams, 505 So.2d 1254 (Ala.1987) (quoting this court in Williams, 505 So.2d at 1253). When making such a determination, “the trial judge should consider the nature of the article and the circumstances surrounding its preservation and custody.” Washington v. State, 339 So.2d 611, 615 (Ala.Crim.App.1976). If, upon consideration of those factors, “the trial judge is satisfied that identification and continuity of possession were sufficiently established to afford ample assurance of the authenticity of the article, then he may permit its introduction.” Id.
We have carefully reviewed the record and conclude that the State proved a proper chain of custody. In our judgment, the State’s evidence established to a reasonable probability that the shotgun received into evidence was the same shotgun that was taken from the appellant and that there had been no tampering with the evidence. See e.g., Sumpter v. State, 480 So.2d 608 (Ala.Crim.App.1985).
II
The appellant apparently contends that the State failed to prove a prima facie *1142 case of manslaughter and, thus, that the evidence was not sufficient to support the conviction. The record reveals that the trial judge initially instructed the jury only on murder as charged in the indictment. The trial judge subsequently charged the jury on reckless manslaughter upon the appellant’s specific request for such a charge. “A party cannot assume inconsistent positions in the trial and appellate courts and, as a general rule, will not be permitted to allege an error in the trial court proceedings which was invited by him or was a natural consequence of his own actions.” Leverett v. State, 462 So.2d 972, 977 (Ala.Crim.App.1984). “The doctrine of invited error has been specifically applied to possible error resulting from the defendant’s request for a particular instruction.” Id. The appellant specifically requested that the jury be instructed on manslaughter and, thus, he is estopped from complaining of any possible error which may have resulted from the charge. Gibson v. State, 555 So.2d 784 (Ala.Crim.App.1989); Williams v. State, 548 So.2d 584 (Ala.Crim.App.1988).
We note that our review of the record indicates that the evidence was sufficient to support the manslaughter conviction. See Shiflett v. State, 507 So.2d 1056 (Ala.Crim.App.1987); Commentary, Ala.Code § 13A-1-9 (1975). Furthermore, the appellant’s evidence supported his manslaughter conviction.
Ill
The appellant finally contends that the trial court abused its discretion in sentencing him to 20 years in prison. The appellant was convicted of a Class B felony. Ala.Code 1975, § 13A-6-3(b). The range of punishment for a Class B felony is not less than 2 years nor more than 20 years. Ala.Code 1975, § 13A-5-6(a)(2). A sentence which falls within the statutory range of punishment will not be overturned absent a clear abuse of discretion. Coleman v. State, 516 So.2d 871 (Ala.Crim.App.1987); Wilbourn v. State, 457 So.2d 1001 (Ala.Crim.App.1984). Our review of the transcript of this trial and of the sentencing hearing leads us to conclude that the trial judge did not abuse his discretion in sentencing the appellant to 20 years in prison.
For the reasons set forth above, this case is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.