The appellant, Randall Smitherman, appeals from an order of the Montgomery Circuit Court revoking his probation. The appeal relates to two cases. The appellant pleaded guilty to theft of property in the second degree and was sentenced on July 30, 1987, to two years' imprisonment. That term was suspended and the appellant was placed on probation for up to five years. The probation was conditioned on the appellant's retaining full-time employment and paying restitution. The appellant also pleaded guilty to another charge of theft of property in the second degree but the sentence in that case was suspended.
When he failed to pay restitution, the appellant's probation was revoked on February 9, 1993, approximately five and one-half years after he was sentenced.
The appellant argues that the court was without jurisdiction to revoke his probation because, he argues, the probationary period had expired. Section 15-22-54(a), Code of Alabama 1975, provides that a probationary period may be "continued, extended, or terminated, . . . provided, that in no case . . . shall the maximum probation period of a defendant guilty of a felony exceed five years." See also Watkins v. State,455 So.2d 160, 162-63 (Ala.Crim.App. 1984). Revocation of any probation for the second case of theft of property is not in issue because the revocation took place well within the five-year limit on probationary terms. The mere fact that the appellant's probation was revoked beyond the five-year period from sentencing does not end the inquiry as to the trial court's jurisdiction to revoke the probation. We have held that the period of probation does not end until the probationer has successfully fulfilled the conditions of his probation or until he has received a formal discharge from the trial court. Youngv. State, 552 So.2d 879, 880 (Ala.Crim.App. 1989); Sherer v.State, 486 So.2d 1330, 1331 (Ala.Crim.App. 1986); Hamilton v.State, 441 So.2d 1035, 1036 (Ala.Crim.App. 1983).
If the process for revoking probation has begun before the probationary period expires, the running of the probationary period is tolled and the court continues to have jurisdiction over the probation. Young, 552 So.2d at 880. For the court to retain jurisdiction beyond probationary period, some overt or affirmative act to officially begin revocation proceedings must have occurred. Id. at 881; see also Watkins, 455 So.2d at 163. Here, the appellant was declared delinquent on July 17, 1991, because he had written bad checks, had failed to pay court-ordered restitution, had failed to report to his probation officer, had assaulted an individual, had failed to remain employed, and had failed to pay supervision fees. On *Page 571 
December 9, 1991, the trial court refused to revoke the appellant's probation but ordered that the appellant be required to comply with additional terms of probation. On December 19, 1991, the appellant was released from detention upon his agreement to pay restitution. These actions were sufficient to toll the running of the probationary period.
" '[P]robation revocation proceedings may properly be initiated after the actual probation period has expired where there has been no formal discharge from probation.' "Young, 552 So.2d at 880; see also McCasky v. State,589 So.2d 790, 792 (Ala.Crim.App. 1991). The appellant's failure to pay restitution from December 19, 1991, to July 30, 1992, when his probationary term would have ended, was a violation of a condition of his probation. The appellant never received a formal discharge from probation, and the maximum number of years in which to bring a revocation action had thus not expired. The trial court had jurisdiction to revoke the appellant's probation. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.