The appellant, Charles Anthony Miller, appeals the circuit court's denial of his petition for a writ of habeas corpus.
On April 30, 1992, the appellant entered a plea of guilty in the municipal court of Dothan, to the misdemeanor offense of public intoxication. His 30-day sentence was suspended and he was placed on 6 months' probation. The appellant failed to appear at a scheduled court date and a warrant was issued for his arrest on October 27, 1992. Approximately 16 months later in March 1994, the appellant was apprehended and brought before the municipal court. The appellant's probation was reinstated and extended to September 1, 1994. Approximately 26 months after the appellant was originally placed on probation a second arrest warrant was issued when the appellant again failed to appear in court. Two and one-half years after the appellant was originally placed on probation, the appellant was arrested and probation revocation proceedings were commenced.
The appellant contends that the municipal court lacked jurisdiction to revoke his probation because, he argues, at the time the court purported to revoke his probation, his probation period had expired by operation of law. The appellant cites § 15-22-54, Code of Alabama 1975, which provides that the probationary period for a misdemeanor conviction shall not exceed two years. Section 15-22-54(a) states, in pertinent part:
 "The period of probation or suspension of execution of sentence shall be determined by the court, and the period of probation or suspension may be continued, extended, or terminated. However, in no case shall *Page 510 the maximum probation period of a defendant guilty of a misdemeanor exceed two years, nor shall the maximum probation period of a defendant guilty of a felony exceed five years."
(Emphasis added.)
The appellant asserts that the plain wording of this section indicates that the legislature intended to impose a statute of limitations that runs from the date of sentence. Thus he contends, because he was sentenced on April 30, 1992, the municipal court had no authority to extend his probationary period beyond April 30, 1994. He contends, therefore, that this petition for a writ of habeas corpus should be granted because he is being unlawfully detained in prison. For the following reasons, we must agree.
This court has previously held that a probationer's term of probation may exceed that originally set by the court. InSmitherman v. State, 639 So.2d 569, 570 (Ala.Cr.App. 1993), this court stated:
 "If the process for revoking probation has begun before the probationary period expires, the running of the probationary period is tolled and the court continues to have jurisdiction over the probation."
Although the original probationary period may run for a longer time than originally determined by the court, under no circumstances can the probationary period for a misdemeanor exceed two years. § 15-22-54. The court in Smitherman, while involved a felony conviction, further stated the probation revocation action at issue there had been commenced within five years from the date of sentencing. (Section 15-22-54 provides that probation for a felony may not exceed five years.)
 " ' "[P]robation revocation proceedings may properly be initiated after the actual probation period has expired where there has been no formal discharge from probation." ' . . . The appellant never received a formal discharge from probation, and the maximum number of years in which to bring a revocation action had thus not expired."
639 So.2d at 571. See also Watkins v. State, 455 So.2d 160
(Ala.Cr.App. 1984), and § 15-22-54(a). Thus, the court inSmitherman did not hold that any probation action could be commenced after the expiration of the maximum probationary period set by statute.
In the present case, the action to revoke the appellant's probation was not commenced until the second arrest warrant was issued for the appellant, 26 months after the appellant was originally placed on probation. That 26-month period exceeds the two-year period set by § 15-22-54. In this case, the appellant was arrested once before the expiration of the two-year period for violating the terms of his probation. However, at that time the appellant's probation was reinstated and extended to September 1, 1994, a date 28 months from the date he was originally placed on probation. Under § 15-22-54, a trial court has no authority to enlarge the probationary period beyond two years. The court was placing the appellant on probation for four months longer than allowed by law when it, for the second time, placed the appellant on probation until September 1, 1994.
The City of Dothan contends that § 15-22-54(a) only limits the total time that an individual may serve on probation. The city argues that the issuance of the two arrest warrants tolled the running of the probationary period, Kiker v. State,524 So.2d 384 (Ala.Cr.App. 1988); Peoples v. State, 439 So.2d 774
(Ala.Cr.App. 1983), and that, therefore, the appellant served a total of only nine months on probation. Thus, the City asserts, the municipal court did have authority to revoke the appellant's probation because the appellant had not served a total of 24 months on probation. This same argument was rejected by this court in Hambley v. State, 565 So.2d 692
(Ala.Cr.App. 1990). The court in Hambley stated:
 "We hold that Hambley's unorthodox probation period of 12 hours per day for six years contravenes the five-year statutory maximum probation period. Because the duration of Hambley's probation period is six years, it is irrelevant that he will only 'serve' a portion of each day for that six-year period."
565 So.2d at 694.
Appellate courts have authority to interpret ambiguous language in a statute. Allen *Page 511 v. Hawes, 539 So.2d 273 (Ala.Civ.App. 1988). However, there is no ambiguity here. The plain meaning of § 15-22-54(a) indicates that if, in the case of a misdemeanor offense, a defendant's noncompliance with the terms of his probation occurs beyond two years from the date of the commencement of the probationary period, the court has no jurisdiction of the case. The court does not have the option of continuing the defendant's probation indefinitely.
This opinion does not say or imply, as the dissent contends, that a probationer may beat the system simply by leaving the county. Any action to revoke a defendant's probation which is commenced before the period set by § 15-22-54 has expired will stop the action until the defendant is caught and returned.Peoples, supra. As § 15-22-54(a) states, at that point the individual's probation must be revoked and he must be incarcerated for the duration of the original sentence. In thePeoples case, the action to revoke probation was commenced before the time ran out. 439 So.2d at 776. Under our system of government, courts do not legislate. Legislatures do. Our duty is to apply existing law to the fact situations presented to us.
In the appellant's case, when the court purported to revoke the appellant's probation, two years had expired since the commencement of the probationary period. Thus, the court lacked the authority to revoke the appellant's probation. §15-22-54(a) and Watkins. The circuit court erred in denying the appellant's petition for a writ of habeas corpus. This cause is remanded to the Circuit Court for Houston County for proceedings not inconsistent with this decision.
REVERSED AND REMANDED.
PATTERSON and McMILLAN, JJ., concur.
COBB, J., dissents with opinion with LONG, J., joining in that dissent.