The appellant, Rebecca Anne Sewell King, pleaded guilty in 1992 to theft of property in the third degree, a violation of § 13A-8-5, Code of Alabama 1975, a misdemeanor offense (case CC-91-3050). She was sentenced to one year's imprisonment, which sentence was suspended, and she was placed on probation for two years. In 1994 the appellant pleaded guilty to attempted possession of a forged instrument in the third degree, a violation of §§ 13A-9-7 and 13A-4-2, Code of Alabama 1975 (case CC-93-1930). She was sentenced to one year's imprisonment, which sentence was suspended, and she was placed on probation for two years. On January 22, 1996, the trial court revoked the appellant's probation in both cases because she failed to complete a drug dependency program. The appellant appeals the revocation of her probations.
 I
The appellant first contends that her two-year probationary period on the conviction for theft of property in the third degree (case CC-91-3050) had expired before the trial court issued the order purporting to revoke her probation. On September 22, 1992, the appellant pleaded guilty to theft of property in the third degree. Her resulting one-year sentence was suspended and she was placed on two years' probation. An arrest warrant was issued for the appellant on April 18, 1994, for possession of a forged instrument (case CC-93-1930), and she was arrested on May 2, 1994. On May 11, 1994, she pleaded guilty to attempted possession of a forged instrument. Her resulting one-year sentence was suspended and she was placed on probation for two years. A condition to her probation was that she complete a drug treatment program. On June 16, 1995, an arrest warrant was issued for the appellant for failure to comply with that condition. On January *Page 838 
22, 1996, the trial court revoked the appellant's probations for both convictions and she was ordered to serve the remainder of her sentence.
The appellant correctly contends that the trial court lacked jurisdiction to revoke her probation for the 1992 theft conviction because her probationary period had already expired when the court issued its order purporting to revoke her probation. Section 15-22-54(a), Code of Alabama 1975, provides, in part:
 "(a) The period of probation or suspension of execution of sentence shall be determined by the court, and the period of probation or suspension may be continued, extended, or terminated. However, in no case shall the maximum probation period of a defendant guilty of a misdemeanor exceed two years, nor shall the maximum probation period of a defendant guilty of a felony exceed five years."
(Emphasis added.)
A majority of this court in Miller v. City of Dothan,675 So.2d 509, 510 (Ala.Cr.App. 1995), quoting Smitherman v. State,639 So.2d 569, 570 (Ala.Cr.App. 1993), held: " 'If the process for revoking probation has begun before the probationary period expires, the running of the probationary period is tolled and the court continues to have jurisdiction over the probation.' " As this court further stated in Miller, "Although the original probationary period may run for a longer time than originally determined by the court, under no circumstances can the probationary period for a misdemeanor exceed two years." 675 So.2d at 510. The revocation of the appellant's probation for theft in January 1996 clearly occurred more than two years after her probationary period began in September 1992. The trial court lacked the jurisdiction to revoke the appellant's probation for her conviction for theft in the third degree, and the court is ordered to vacate its order revoking the probation on that charge. Ferguson v. State, 565 So.2d 1172
(Ala.Cr.App. 1990).
 II
The appellant next questions the revocation of her probation for her conviction for attempted possession of a forged instrument in the third degree. The appellant contends, for the first time on appeal, that her sentence in that conviction exceeded that authorized by law and that the court, in revoking her probation, failed to comply with the due process requirements set forth by the United States Supreme Court inMorrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
Before we can determine whether the court erred in its order revoking the appellant's probation for attempted possession of a forged instrument in the third degree, we must determine whether the appellant was serving a lawful sentence when her probation was revoked. Possession of a forged instrument in the third degree is a Class A misdemeanor. § 13A-9-7(b), Code of Alabama 1975. An attempt to commit a Class A misdemeanor constitutes a Class B misdemeanor. § 13A-4-2(d)(5), Code of Alabama 1975. The maximum sentence of imprisonment for a Class B misdemeanor is not more than six months. § 13A-5-7(a)(2), Code of Alabama 1975. The appellant's sentence of one year clearly exceeded the sentence authorized by law. "When the court imposes sentence in excess of that authorized by statute, it exceeds its jurisdiction, and the sentence is consequently void." Ferguson, 565 So.2d at 1173. Because the appellant's sentence exceeded that provided by statute, that sentence was void. Ferguson. Even though this issue was not first presented to the trial court, because the trial court acted beyond its jurisdiction, this court can consider the issue on appeal.
The trial court could not lawfully revoke the appellant's probation for her conviction for attempted possession of a forged instrument, because the sentence initially imposed by the trial court was void. Any action by the trial court after the setting of the void sentence was null and void. The trial court is directed to sentence the appellant in compliance with the law by fixing a sentence on the appellant's conviction for attempted possession of a forged instrument that does not exceed six months. *Page 839 
We further note that the trial court failed to comply withMorrissey v. Brewer and Gagnon v. Scarpelli, when it attempted to revoke the appellant's probation. However, because the appellant's initial sentence was void, this issue is rendered moot.
For the reasons stated in Part I, the judgment of the trial court revoking the appellant's probation in case CC-91-3050 is reversed and the trial court is ordered to vacate the sentence. As to case CC-93-1930, the trial court is ordered to vacate its order revoking the appellant's probation and to fix a sentence within the statutory limits.
REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
All the Judges concur except COBB, J., who is not sitting. *Page 1152