COBB, Judge.
On March 16, 1996, after a show-cause hearing, the appellant, Cheryl Kay Hubbard Little, was cited for contempt of court for nonpayment of a criminal fine. She was ordered to pay $167, the balance of her unpaid fine, within 60 days after the court found that she had not shown good cause as to why the fine remained unpaid. Little made no showing that she was indigent. The unpaid fine had been imposed pursuant to Little’s February 10, 1993, guilty plea to a charge of theft of property in the third degree, a misdemeanor. The sole issue raised on appeal is whether § 15-22-54(a), Ala.Code 1975, establishes a two-year statute of limitations for the collection of court-ordered fines resulting from a misdemeanor conviction.
Section 15-22-54(a) provides:
“The period of probation or suspension of execution of a sentence shall be determined by the court, and the period of probation or suspension may be continued, extended, or terminated. However, in no case shall the maximum probation period of a defendant guilty of a misdemeanor exceed two years, nor shall the maximum probation period of a defendant guilty of a felony exceed five years. When the conditions of probation or suspension of sentence are fulfilled, the court shall, by order duly entered on its minutes, discharge the defendant.”
Little argues that the above provision acts as a statute of limitations and strips the court of its jurisdiction to enforce, more than two years from the date they are imposed, criminal fines resulting from misdemeanor convictions. We find this argument without merit. Section 15-22-50, Ala.Code, 1975, *31 recognizes a distinction between a criminal fine and court ordered probation.
“[T]he court, after a plea of guilty, after the returning of a verdict of guilty by the jury or after the entry of a judgment of guilty by the court, may suspend execution of sentence and place the defendant on probation, or may impose a fine within the limits fixed by law and also place the defendant on probation.”
The only case Little cites in which § 15-22-54(a) has been applied related solely to a time limit on a term of probation. See Miller v. City of Dothan, 675 So.2d 509 (Ala.Cr.App.1995).
The limitations period in § 15-22-54(a) does not apply to the imposition of fines. Little was therefore under a lawful court order to repay the remaining fine. Section 12-1-7(3), Ala.Code 1975, states that every court shall have the power “[t]o compel obedience to its judgments, orders and process.” The trial court clearly had the authority to conduct the contempt proceedings against Little in its attempt to collect the unpaid fine.
We hold that a court-ordered fine imposed in a criminal case is an absolute liability, separate and distinct from the terms of probation. While it is true that the terms of probation may well necessitate the full payment of a fine, it does not follow that a discharge from probation, either by court order or pursuant to § 15-22-54(a), releases all obligation on any unpaid portion of a criminal fine. To hold otherwise would only serve to discourage the payment of fines rightfully owed to the State by probationers.
For the above-stated reasons, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.