McMILLAN, Judge.
This appeal arises out of the reinstatement of a suspended sentence and the revocation of probation.
The appellant, Lisa McCluskey, was initially charged with criminal mischief in the first *506 degree, a Class C felony. On February 14, 1996, the appellant was convicted, pursuant to a plea agreement, of criminal mischief in the second degree, a misdemeanor, and was sentenced to six months’ incarceration. That sentence was suspended, and it appears that she was placed on probation. On September 20, 1996, the State filed a motion in circuit court to reinstate the appellant’s sentence and to revoke her probation, and cited as grounds two charges of assault in the third degree that were then pending against the appellant. Following a hearing on the State’s motion, the trial court revoked the appellant’s suspended sentence and probation.
The appellant argues that the State failed to prove that the revocation proceeding was initiated “during the term of the [appellant’s] suspended sentence”; she further argues that the trial court did not have jurisdiction to reinstate her sentence. See Miller v. City of Dothan, 675 So.2d 509, 510 (Ala.Cr.App.1995), quoting Smitherman v. State, 639 So.2d 569, 570 (Ala.Cr.App.1993) (wherein this Court held that “‘[i]f the process for revoking probation has begun before the probationary period expires, the running of the probationary period is tolled and the court continues to have jurisdiction over the probation’ ”). The State argues that, although the appellant’s suspended sentence may have expired before her probation proceeding began, her probation, which was to begin after her suspended sentence had expired, was still in effect when the State filed its motion to revoke. The State argues, therefore, that the trial court properly reinstated the appellant’s sentence.
A review of the trial court’s case action summary reveals that, on February 14, 1996, the appellant was sentenced to six months’ incarceration and that her sentence was suspended. The case action summary further indicates that the appellant would be placed on probation for 12 years.
However, § 15-22-54(a), Code of Alabama 1975, which, among other things, provides that the maximum probationary period allowed by law in misdemeanor convictions, provides, in part, as follows:
“(a) The period of probation or suspension of execution of sentence shall be determined by the court, and the period of probation or suspension may be continued, extended, or terminated. However, in no case shall the maximum probation period of a defendant guilty of a misdemeanor exceed two years, nor shall the maximum probation period of a defendant guilty of a felony exceed five years.”
The reporter’s transcript of the appellant’s probation revocation hearing does not refer to any conditions of probation imposed upon the appellant, and the clerk’s record contains none of the forms that would customarily accompany the entry of a guilty plea, such as a completed Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971), form or an executed plea agreement form which contained the terms of the plea agreement.
Because the only evidence that indicates that the appellant may have been placed on probation for some period after her suspended sentence expired is the case action summary, which for the reasons stated above, cannot be correct, this Court is unable to determine with reasonable certainty all of the facts necessary for us to reach a conclusion as to the validity of the judgment revoking appellant’s probation and/or reinstating her sentence. Sides v. State, 455 So.2d 48, 51-52 (Ala.Cr.App.1983). Therefore, this case is remanded with directions that the trial court take whatever action necessary to determine whether the appellant was on probation, and therefore under the trial court’s jurisdiction, when the State filed its motion to revoke. The record also fails to include a written order by the trial court stating its reasons for revoking the appellant’s probation and the evidence on which it relied in so doing, as mandated by Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
Due return, including any additional record, shall be made to this Court at the earliest possible time, and within 45 days of the release of this opinion. See Sides v. State, 455 So.2d 48, 52 (Ala.Cr.App.1983).
*507 REMANDED WITH DIRECTIONS. 
All judges concur.