The appellant, Brandy Keith Owens, appeals the circuit court's denial of his petition for a writ of habeas corpus, in which he attacked the district court's revocation of his probation. The following dates and facts are relevant to the issue presented on appeal:
On July 22, 1993, the appellant pleaded guilty, in the Houston County District Court, to 11 counts of negotiating a worthless negotiable instrument, a misdemeanor offense. He was sentenced to 12 months' imprisonment for each conviction, the sentences to run consecutively. (C. 13.) The district court suspended the sentences, and placed the appellant on two years' probation on the condition that he pay fines, costs, remuneration to the Crime Victims Compensation Fund, and restitution, and that he attend a school for offenders who have negotiated worthless instruments ("NWNI School"). The district court ordered the appellant to begin making payments on September 1, 1993.
The district court found the appellant to be delinquent on his probation and issued alias warrants for his arrest on January 9, 1995, and January 31, 1995 — approximately six months before July 22, 1995, the completion date for the appellant's probationary period. The warrants were not served until September 21, 1995.
On October 25, 1995 — three months after July 22, 1995, the expiration date of the appellant's probation — the district court revoked the appellant's probation because he failed to pay the court-ordered assessments and because he did not attend NWNI School. Instead of putting the appellant in jail, however, the district court suspended its revocation order and added more conditions to his probation, including a condition that he make restitution payments of $200 per month starting on November 3, 1995.
On November 11, 1995, the district court issued an alias writ for the appellant's arrest because he did not make the payments that the Court had ordered on October 25, 1995. On July 2, 1997, the arrest warrant was seized on the appellant.[1]
On July 22, 1997, the district court conducted a revocation hearing, apparently revoking the appellant's probation and ordering the appellant to "serve out" his fines and costs in jail at the rate of $15 per day. The district court also entered a civil judgment in *Page 675 
favor of the victim on each of the worthless checks, for the face amount of the check plus a service charge.
On July 25, 1997, the appellant filed a petition for a writ of habeas corpus in the Houston Circuit Court. In his petition, he argued that the district court did not have jurisdiction to revoke his probation because, he asserted, his probationary term had expired at the time of the July 22, 1997, revocation order. The appellant claimed that the district court conceded that it was without jurisdiction to revoke his probation, but that it ordered him incarcerated to "serve out" his fines and court costs. The appellant maintained that he was indigent and that the district court's incarcerating him solely to "serve out" his fines, restitution, and court costs violated Rule 26.11(i)(2), Ala.R.Crim.P., which provides that "[i]n no case shall an indigent defendant be incarcerated for inability to pay a fine or court costs or restitution."
The state argued that the district court did have jurisdiction to revoke the appellant's probation. In support of its position, the state asserted that the issuance of the alias warrant in January 1995 — six months before the appellant's court-ordered probationary period was to expire — tolled the running of the appellant's probation period.
The circuit court denied the appellant's habeas petition. The circuit court found that the district court had jurisdiction to revoke the appellant's probation because, it concluded, the revocation proceedings were instigated in January 1995, when the alias warrants for the appellant's arrest were issued — during the appellant's two-year probation period. The circuit court also found that the appellant failed to raise the claim that the district, court's incarcerating him solely to serve out his fines violated Rule 26.11(2), Ala.R.Crim.P.; however, the trial court indicated that it did not object to releasing the appellant so that he might resume working, provided that the appellant worked out an arrangement with the probation office.
 I.
The appellant contends that the circuit court erred in denying his petition. He essentially reasserts the same arguments that he made in his petition — namely, that the district court did not have jurisdiction to revoke his probation because, he claims, his probationary period expired before the district court ordered the revocation and that the district court improperly ordered him to be incarcerated to "serve out" his fines despite his indigent status.
In order to determine if the circuit court properly denied the appellant's habeas petition, this court must first determine whether the district court had jurisdiction to revoke the appellant's probation. Section 15-22-54(a), Code of Alabama 1975, provides:
 "The period of probation or suspension of execution of sentence shall be determined by the court, and the period of probation or suspension may be continued, extended, or terminated. However, in no case shall the maximum probation period of a defendant guilty of a misdemeanor exceed two years, nor shall the maximum probation period of a defendant guilty of a felony exceed five years. When the conditions of probation or suspension of sentence are fulfilled, the court shall, by order duly entered on its minutes, discharge the defendant."
(Emphasis added.) Further, Rule 27.3(a), Ala.R.Crim.P., states that "[a]t any time during a term of probation, the court, for good cause shown, may extend the term of probation up to themaximum period permitted by law." (Emphasis added.) This Court has held:
 "If the process for revoking probation has begun before the probationary period expires, the running of the probation period is tolled and the court continues to have jurisdiction over the probation. Young [v. State], 552 So.2d [879] at 880 [(Ala.Cr.App. 1989)]. For the court to retain jurisdiction beyond probationary period, some overt or affirmative act to officially begin revocation proceedings must have occurred. Id. at 881; see also Watkins [v. State], 455 So.2d [160] at 163 [(Ala.Cr.App. 1984)]."
Smitherman v. State, 639 So.2d 569, 570 (Ala.Cr.App. 1993). (Emphasis added.) We must define the "maximum probation period" *Page 676 
and clarify what constitutes the "overt or affirmative act" that officially begins the revocation proceedings and thus enables the court to retain jurisdiction to modify the probation.
In Peoples v. State, 439 So.2d 774, 775 (Ala.Cr.App. 1983), this Court addressed an argument by a defendant that the trial court lost jurisdiction to revoke his probation because the warrant for his arrest for a probation violation was served after his probationary period had expired, In rejecting this argument this court stated:
 "To follow the argument of appellant on this point to its logical conclusion would be to say that a probationer could leave the state and violate the terms of his probation without retribution if he did not come back until his original probationary term was concluded. This was surely not the purpose of the Legislature when it enacted the probation provisions of the Alabama Code nor was it the purpose of this court in writing Wilson v. State, 417 So.2d 627
(Ala.Cr.App. 1982). As a practical matter, the running of the period of probation must be considered tolled when a warrant of arrest for violation of probation is issued by the court or when, in the Language of § 15-22-54, Code of Alabama 1975, `. . . a written statement by said probation officer setting forth that the probationer has, in his judgment, violated the conditions of probation . . .' shall have been delivered to an officer with power of arrest together with the request of the probation officer that the probationer be arrested. Even the failure to execute the arrest warrant until the expiration of the period of probation would not render that warrant invalid under § 15-22-54 of the Code."
(Emphasis added.)
In Watkins v. State, 455 So.2d 160 (Ala.Cr.App. 1984), the defendant argued that the trial court lacked jurisdiction to revoke his probation because the bench warrant for his arrest was not issued until after his probationary period had expired. The state maintained that a notation in the probation officer's file, entered during the defendant's probationary period and indicating that the defendant was delinquent, was sufficient to toll the running of the defendant's probationary period. We held that "the probation officer's notation in his file that Watkins was delinquent simply was not sufficient to initiate revocation proceedings and toll the running of the probation period." 455 So.2d at 163. However, our rationale in reaching this conclusion is relevant to the issue raised in this case:
 "The general rule is that a revocation proceeding must be initiated prior to the date of the offender's release from probation.
 "`Just as wrongful conduct which is the basis of a revocation must generally occur during the period of probation or parole, the vast majority of American jurisdictions hold that revocation proceedings must be initiated prior to the date of the offender's release from probation or parole. What this means is that process sufficient to begin revocation proceedings must issue before the end of the probation or parole term. Jurisdictions have adopted a variety of ways to commence revocations. The most common methods include a summons, arrest warrant, warrantless arrest, show cause order, and a motion to revoke.'
 "N. Cohen J. Gobert, The Law of Probation and Parole Section 11.01 at 525-26 (1983) (footnotes omitted). . . . See also Annot., 13 A.L.R.4th 1240 Section 6-8 (1982).
". . . .
 "Section 15-22-54(c)[2] expressly applies only during the probation period. Although Section 15-22-54(d)[3] is not expressly limited to the probation period, that *Page 677 
limitation is implicit in its wording — one is a probationer only during the period of probation. We think the clear intent of Section 15-22-54(c) and (d) is to require that an official act sufficient to begin revocation proceedings be done before the end of the probation period. The probation period is not tolled until this act occurs. See Peoples v. State, 439 So.2d 774 (Ala.Cr.App. 1983) (holding that, `(a)s a practical matter, the running of the period of probation must be considered tolled when a warrant of arrest for violation of probation is issued by the court', or when a probation officer has prepared a written statement in conformance with Section 15-22-54(d) and delivered it to an officer with arrest powers along with a request to arrest the probationer)."
455 So.2d at 162. (First emphasis in Watkins; other emphasis added.)
In Smitherman v. State, cited above, the defendant, Randall Smitherman, pleaded guilty to the felony offense of second-degree theft of property and was sentenced, on July 30, 1987, to two years' imprisonment. The trial court suspended the sentence and placed Smitherman on five, years' probation — making the date Smitherman's probation was due to expire July 30, 1992. Smitherman's probation was conditioned on his retaining employment and paying restitution.
On July 17, 1991, the trial court declared Smitherman to be delinquent on his probation. According to the case action summary, the trial court issued an arrest warrant for Smitherman the next day, and he was arrested on November 6, 1991. The trial court did not revoke Smitherman's probation; instead, on December 9, 1991, it ordered Smitherman to comply with additional terms of probation, including an order to follow a restitution payment schedule imposed by the trial court. On December 19, 1991 the trial court released Smitherman upon his agreement to abide by the additional terms of probation.
Smitherman apparently failed to pay the restitution ordered on December 9, 1991. On February 9, 1993 — approximately five and one-half years after he was sentenced and six months after the original probationary period was scheduled to have expired — the trial court revoked Smitherman's probation. We held that the trial court had jurisdiction to revoke Smitherman's probation:
 "The mere fact that the appellant's probation was revoked beyond the five-year period from sentencing does not end the inquiry as to the trial court's jurisdiction to revoke the probation. We have held that the period of probation does not end until the probationer has successfully fulfilled the conditions of his probation or until he has received a formal discharge from the trial court. Young v. State, 552 So.2d 879, 880 (Ala.Crim.App. 1989); Sherer v. State, 486 So.2d 1330, 1331 (Ala.Crim.App. 1986); Hamilton v. State, 441 So.2d 1035, 1036 (Ala.Cr.App. 1983).
 "If the process for revoking probation has begun before the probationary period expires, the running of the probationary period is tolled and the court continues to have jurisdiction over the probation. Young, 552 So.2d at 880. For the court to retain jurisdiction beyond [the] probationary period, some overt or affirmative act to officially begin revocation proceedings must have occurred. Id. at 881, see also Watkins [v. State], 455 So.2d [160] at 163 [(Ala.Cr.App. 1984)]. Here, the appellant was declared delinquent on July 17, 1991, because he had written bad checks, had failed to pay court-ordered restitution, had failed to report to his probation officer, had assaulted an individual, had failed to remain employed, and had failed to pay supervision fees. On December 9, 1991, the trial court refused to revoke the appellant's probation but ordered that the appellant be required to comply with additional terms of probation. On December 19, 1991, the appellant was released from detention upon his agreement to pay restitution. These actions were sufficient to toll the running of the probationary period.
 "`"[P]robation revocation proceedings may properly be initiated after the actual probation period has expired where there has been no formal discharge from probation."' Young, 552 So.2d at 880; see also McCaskey v. State, 589 So.2d 790, 792 (Ala.Crim.App. 1991). The appellant's failure to pay restitution from December 19, *Page 678 
1991, to July 30, 1992, when his probationary term would have ended, was a violation of a condition of his probation. The appellant never received a formal discharge from probation, and the maximum number of years in which to bring a revocation action had thus not expired."
Smitherman, 639 So.2d at 570-71. (Emphasis added.)
From our examination of the above cases, it is apparent that the maximum probationary period" a defendant can serve is no more than a total of two years on probation for a misdemeanor conviction and a total of five years on probation for a felony conviction. The trial court retains jurisdiction to revoke a defendant's probation if the revocation proceedings are instigated during the actual court-ordered probationary period, or before the end of the maximum statutorily allowed period. The issuance of an arrest warrant is sufficient to initiate revocation proceedings and to toll the running of the probation period. Id.
In Miller v. City of Dothan, 675 So.2d 509 (Ala.Cr.App. 1995), this Court appeared to depart from settled law. On April 30, 1992, the defendant, Charles Anthony Miller, pleaded guilty in municipal court to the misdemeanor offense of public intoxication. He was sentenced to 30 days' imprisonment. His sentence was suspended, and he was ordered to serve six months' probation — making the completion of his court-ordered probationary period October 31, 1992. On October 27, 1992 — a few days before the scheduled expiration of his probation — a warrant was issued for Miller's arrest when he failed to appear for a scheduled court date.
Miller was not apprehended until March 1994. When he was arrested, he was brought before the municipal court. The court reinstated Miller's probation and extended his probation from March to September 1, 1994 — an additional six months. Although the exact date is not clear from the opinion, apparently in June 1994, another warrant was issued for Miller's arrest because he again failed to appear at a scheduled court date. Then, in October 1994, the appellant was arrested and his probation was revoked.
This Court, by a vote of 3-2, held that the municipal court did not have jurisdiction in October 1994 to revoke Miller's probation because more than two years had passed since the court had sentenced Miller to probation. Apparently, the majority based its holding on the premise that the court-ordered probationary period continued to run even after the issuance of an arrest warrant for probation violation(s) and during the time that law enforcement officials sought to find the delinquent probationer to serve the warrant.
In a dissenting opinion, Judge Cobb, joined by Judge Long, argued:
 "The majority's literal interpretation of § 15-22-54(a) fails to take into consideration the holding of Smitherman v. State, 639 So.2d 569
(Ala.Cr.App. 1993).
 "The statute does indeed state that `in no case shall the maximum probation period of a defendant guilty of a misdemeanor exceed two years'; yet Smitherman clearly holds:
 "`If the process for revoking probation has begun before the probationary period expires, the running of the probationary period is tolled and the court continues to have jurisdiction over the probation.'
"639 So.2d at 570.
 "When the appellant failed to appear for court, the municipal judge issued a probation revocation warrant three days before the expiration of the appellant's probation. Sixteen months elapsed before he was arrested pursuant to that warrant. Instead of imposing the original sentence, the court gave the appellant `another chance' and extended his probation for another six months. Before that probationary period expired, the appellant once again failed to appear and another probation revocation warrant was issued.
 "`. . . As a practical matter, the running of the period of probation must be considered tolled when a warrant of arrest for violation of probation is issued by the court. . . .'
 "[Peoples v. State,] 439 So.2d [774] at 775 [(Ala.Cr.App. 1983)]. *Page 679 
 "The city is correct; that the appellant in this matter actually served only nine months on probation because at that point the time was tolled pending probation revocation warrants. This nine-month period is well within the parameters of § 15-22-54(a)."
Miller, 675 So.2d at 511-12.
After a careful reading of Miller in light of the caselaw that preceded it and the applicable statutes, this Court can find no explanation for the majority's apparent departure from the existing law. The case action summary in Smitherman reveals a chronology of events that is startlingly similar to that inMiller. The substantive difference in these cases is that inSmitherman, this court affirmed the judgment of the trial court and in Miller, a 3-2 majority reversed the trial court's judgment.
Section 15-22-54(a), contrary to the majority's interpretation of that Code section in Miller, does not clearly state that the probation period runs from the date sentence is imposed. In fact such clear language is notably missing from the statute. Section15-22-54(a) provides simply that in "no case shall the maximum probation period of a defendant guilty of misdemeanor exceed two years, nor shall the maximum probation period of a defendant guilty of a felony exceed five years." Thus, as the cases preceding Miller suggest, the maximum probation period provided by statute is a total of two years for a misdemeanor offense and a total of five years for a felony offense. We acknowledge, of course, that a probationer cannot be sentenced to more than the maximum statutorily allowed time — that is to say, if no intervening event happens to toll the probation period, then the period cannot exceed two years from the date of sentencing for a misdemeanor and five, years from the date of sentencing for a felony. If, however, before the expiration of the original court-ordered probation period or before the expiration of the maximum statutory probation period, revocation proceedings are begun, then the running of the applicable period tolled. In that situation, the trial court retains jurisdiction to revoke a defendant's probation, even if the actual revocation does not occur until after the two-year or five-year statutory maximum period.
To analogize, a prisoner who escapes from custody, who remains at large for a period, and who is then recaptured will not be allowed credit against his sentence for the time he was at liberty. Giles v. State, 462 So.2d 1063, 106A (Ala.Cr.App. 1985);Anderson v. State, 710 So.2d 491 (Ala.Cr.App. 1997). Likewise, a probationer who violates the conditions of his probation and avoids arrest cannot be rewarded by "crediting" the time the probationer is sought by law enforcement officials. Just as the "clock" on an escapee's sentence is stopped when he or she escapes and is at large, so, too, does the probation "clock" stop when a probationer is declared delinquent and evades arrest. Therefore, the tolling of the probationary period means that a delinquent probationer does not get credit for time "at large" and that the time "at large" does not count toward the statutory maximum probationary period allowed in § 15-22-54(a). Otherwise, a delinquent probationer would accrue the same benefit as that of a probationer who complies with the conditions of his probation. This cannot be what the Alabama legislature intended when it enacted the probation statutes. See Peoples v. State, 439 So.2d at 775.
We also disagree with the majority's apparent holding in Miller
that actual incarceration of a delinquent probationer is necessary to toll the probation period — the majority determined that Miller's initial arrest was not sufficient to toll the running of the probationary period because Miller was not incarcerated, but rather his probation was reinstated at that point. This is contrary to the cases that preceded Miller. Moreover, § 15-22-54(d)(1) gives the trial court a number of options when a probationer is delinquent — arrest is not the only option. We will not place the trial court in the untenable position of having to incarcerate a probationer simply to avoid losing jurisdiction.
Accordingly, we overrule our holding in Miller, and the cases cited therein, to the extent that it implies that the maximum probation period can never exceed two years from the date of sentencing for a misdemeanor offense and five years from the date of *Page 680 
sentencing for a felony offense. In addition, we overrule our holding in Miller, however implicit, that the "over act" necessary to toll the running of the probation period can be no less than the actual incarceration of a delinquent probationer. As set out in § 15-22-54 and the pre-Miller cases, there are several alternative methods by which probation revocation proceedings can be initiated that will toll the running of the probation period.
In this case, because the record reflects that the district court issued the alias warrants in January 1995 — six months before the expiration of the appellant's original court-ordered two-year probationary period, which was also the maximum term allowed by law for a misdemeanor — theft probationary period was tolled, and the court maintained its jurisdiction over the appellant. Smitherman, 639 So.2d at 570. The appellant was arrested on September 22, 1995, and brought before the district court on October 25, 1995. His probation was modified and he was again released on probation. Just over two weeks later, he was again declared delinquent, and an arrest warrant was issued that again tolled the running of the probationary period. When he was arrested on July 2, 1997, the appellant had served approximately 18 1/2 months of the original 24-month probation. Accordingly, the district court retained jurisdiction over the appellant and could properly revoke his probation, although it did so almost two years after the appellant's original court-ordered probation period was scheduled to have expired. Therefore, the circuit court did not err in denying the appellant's petition for the writ of habeas corpus.
 II.
The appellant also claims that the trial court violated Rule 26.11(i), Ala.R.Crim.P., because, he says, the district court sentenced him to jail to "serve out [his] fines and costs" only because he was indigent and unable to pay the court-ordered assessments. The appellant failed to present this issue to the trial court; in fact, the record indicates that the appellant presented the proposed restitution payment schedule to the trial court. Even if he did not, however, the appellant did not object to the payment plan.
The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Cr.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App. 1992). This Court "has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held." Puckett, 680 So.2d at 983. Because the appellant's claim fits within neither of these two exceptions, it was waived by the appellant's failure to present it to the trial court. Additionally, because he agreed to the payment plan, the appellant cannot now claim error. See Wright v. State,601 So.2d 1141, 1142 (Ala.Cr.App. 1992) (a defendant cannot claim that trial court erred in giving a jury instruction that he specifically requested; this is invited error).
In any event, the appellant's claim cannot stand because we have held that the appellant was properly incarcerated due to the revocation of his probation. The fact that the district court may have implied in the case action summary that the appellant was incarcerated because he was unable to pay the amounts assessed by the district court makes no difference. See Hoobler v. State,668 So.2d 905, 908-09 (Ala.Cr.App. 1995) (quoting Ex parte Williams,571 So.2d 987, 988 (Ala. 1990) in which the Alabama Supreme Court held that "`[i]f a court's ruling is correct for any reason, it will not be reversed because the court assigned the wrong reason therefor.'").
The judgment of the circuit court is affirmed.
AFFIRMED.
LONG, P.J., and McMILLAN and BASCHAB, JJ., concur.
COBB, J., concurs specially.
[1] The record does not indicate why the alias warrant issued on November 11, 1995, was not served on the appellant until July 2, 1997. At the evidentiary hearing on the habeas corpus petition, the trial court found that "by his own actions, [the appellant] avoided being arrested on a warrant." (R. 10.)
[2] Section 15-22-54(c) provides: "At any time during the period of probation or suspension of execution of sentence, the court may issue a warrant and cause the defendant to be arrested for violating any or the conditions of probation or suspension or sentence."
[3] Section 15-22-54(d) sets out the procedure for a warrantless arrest of a probationer along with the disposition options available to the court in dealing with violation of the conditions of probation.