COBB, Judge.
James Victor Davis pled guilty to four counts of second-degree receiving stolen property, and, on September 17, 1996, the trial court placed him on probation for 3 years, following a 30-day stay in jail. On March 17, 1998, after a revocation hearing, the trial court extended Davis’s probation another year to September 17, 2000. On April 5, 2000, the trial court issued an alias writ for Davis’s arrest for his failure to appear regarding his four convictions for second-degree receiving stolen property, ordered that his bond be revoked, and ordered that a probation revocation hearing be held on May 16, 2000. More than eight months later, on December 29, 2000, Davis was arrested on the alias warrant and at the same time charged with two unrelated counts of possession of a forged instrument.[1] The case action summary re- *1076 fleets that, on that same date, a revocation hearing was scheduled for February 20, 2001. On February 13, 2001, the trial court conducted guilty plea proceedings regarding the two counts of possession of a forged instrument, and Davis pled guilty to those charges. At the guilty plea proceedings, the trial court also revoked Davis’s probation in his 1996 cases of receiving stolen property and reinstated his sentences. This appeal followed.
During the guilty plea proceedings, the following exchange occurred regarding the revocation of Davis’s probation in the earlier cases of receiving stolen property:
“[Prosecutor]: Judge, I believe that there was also an agreement that he would not be applying for probation. Is that not the case, .[defense counsel]?
“[Defense counsel]: It wasn’t an agreement, but he is not going to, and I will put that on the record.
“THE COURT:. Because he’s got that revocation—
“[Defense counsel]: You are not going to apply for probation, are you?
“MR. DAVIS: On what?
“[Defense counsel]: On anything? You are not going to apply for probation on these cases?
“MR. DAVIS: Not on these cases.
“[Defense counsel]: All right. Okay.
[[Image here]]
“THE COURT: And there was something about a probation revocation—
“[Defense counsel]: Well, let me first put on the record, Your Honor, that I have talked this over with my client, and under the laws of this state, Mr. Davis technically can apply for probation on these cases, but he elects not to.
“THE COURT: And is that correct, Mr. Davis?
“MR. DAVIS: I can apply for it?
“[Defense counsel]: You won’t get it, but you can apply for it. Do you want to apply? I mean—
“MR. DAVIS: No. I want to go ahead and get it over with.
“[Defense counsel]: All right. And also, Your Honor, on February 20th of this year, Mr. Davis is set for a probation revocation on several cases.... And it is my understanding that Mr. Davis, at this time, does not wish to contest that probation revocation. Is that correct, Mr. Davis?
“MR. DAVIS: (Nodded head in affirmative.)
“[Defense counsel]: Your Honor, I would put on the record that I did endeavor or did try, and as a matter of fact, I did talk to [the district attorney], asking him that he run these two cases concurrent[ly] with the prior convictions here in Houston County. [The district attorney] declined to do so. So, this plea is made with only these two cases running concurrently], I would put on the record, though, that I made every effort to ask that the DA make that offer, but the district attorney’s office, they declined to do so.
“THE COURT: Right. That’s understood. Okay. With that, then, you are back in the custody of the Sheriff.”
(R. 10-12.) The case action summary sheet entry for February 13, 2001, reads: “Defendant admits guilt to his probation violation in this case, probation is revoked based upon said admission.” (C.R.3.)
*1077 Davis argues that this case should be remanded to the trial court because the trial court’s -written order of revocation is inadequate and because the trial court did not hold a proper revocation hearing prior to ordering his probation revoked as required by Rule 27.6(a), Ala. R.Crim. P.[2] Specifically, Davis claims that, in violation of Rule 27.5(b), Ala. R.Crim. P.,[3] the probation revocation hearing was not adequate in that he did not receive sufficient notice of the charges against him or of the evidence to be relied upon and that his waiver of his right to a revocation hearing was not knowing and voluntary.[4] The State acknowledges that, pursuant to Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), remand is necessary to cure the flawed written revocation order.
“The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Crim.App.1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Crim.App.1992). This Court ‘has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation ..., and (2) the requirement that a revocation hearing actually be held.’ Puckett, 680 So.2d at 983.”
Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998).
Davis does not argue that the trial court failed to conduct a revocation hearing altogether; rather, Davis complains about the quality of the hearing. Davis did not first present his contentions regarding Rules 27.5(b) and 27.6(c) to the trial court. Therefore, he has not preserved them for appellate review.
However, the trial court’s order revoking Davis’s probation is inadequate under Rule 27.6(f), Ala. R.Crim. P., which requires that “[t]he judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation.” See Evans v. State, 794 So.2d 1234, 1237 (Ala.Crim.App.2000) (a written order revoking probation that stated, “Defendant admitted violations—court revoked probation and defendant to serve five years,” was inadequate under Rule 27.6(f)). Therefore, we remand this cause to the trial court in order for the trial court to enter an adequate written order as required by Rule' 27.6(f). Due return shall be made to this court within 28 days of the date of this opinion.
*1078 REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and SHAW and WISE, JJ., concur.
BASCHAB, J., concurs in the result.

. Although the trial court did not revoke Davis’s probation until after his probation period had expired, because revocation proceedings had begun prior to the expiration of his probation period, the trial court maintained *1076 jurisdiction to revoke his probation. Owens v. State, 728 So.2d 673, 674 (Ala.Crim.App.1998) ("If, ... before the expiration of the original court-ordered probation period or before the expiration of the maximum statutory probation period, revocation proceedings are begun, then the running of the applicable period is tolled.”)

. Rule 27.6(a), Ala. R.Crim. P., requires that “[a] hearing to determine whether probation should be revoked shall be held before the sentencing court within a reasonable time after the probationer’s initial appearance under Rule 27.5."

. Rule 27.5(b), Ala. R.Crim. P., allows the summary disposition of a probation revocation:
"The probationer may waive the probation hearing under Rule 27.6(a) and the judge of the sentencing court may make a final disposition of the issue, if
"(1) The probationer has been given sufficient prior notice of the charges and sufficient notice of the evidence to be relied upon; and
"(2) The probationer admits, under the requirements of Rule 27.6(c), that he committed the alleged violation.”

. Rule 27.6(c), Ala. R.Crim. P., establishes the requirements that must be fulfilled before a trial court can accept an admission by a probationer and mandates that "[t]he court shall also determine that the probationer waives these rights, that the admission is voluntary and not the result of force, threats, coercion, or promises, and that there is a factual basis for the admission.”

 Note from the reporter of decisions: On October 19, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion.