COBB, Judge.
Erie Bernard Salter had been released on probation following his 2001 conviction for the unlawful possession of a controlled substance. However, on July 12, 2002, Salter was arrested and charged with another incident of unlawful possession of a controlled substance. Following the arrest, on March 20, 2003, the State moved to have Salter’s probation revoked. Fob lowing a hearing, the trial court revoked Salter’s probation on August 12, 2003. This appeal followed.
On appeal, Salter argues that the evidence presented to the trial court was insufficient to justify the revocation of his probation. Specifically, he contends, “the thrust of this argument is that the probation officer’s testimony was not legally relevant or reliable and, therefore, the decision by the trial judge to revoke [his] probation did not meet the due process requirement under the ... law.” (Appellant’s brief, pp. 12-13.) Salter also argues that the trial court’s order revoking his probation is inadequate because it states neither the evidence relied upon, nor the reason for revoking probation.
“The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Cr.App.1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App.1992). This Court ‘has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation ..., and (2) the requirement that a revocation hearing actually be held.’ Puckett, 680 So.2d at 983.”
Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998).
Initially, we note that Salter’s sufficiency argument regarding the testimony of the probation officer was never presented to the trial court. Therefore, that argument has not been preserved for appellate review and it is not properly before this Court. See Owens, supra.
As for Salter’s argument regarding the trial court’s revocation order, we note that, in revoking Salter’s probation, the trial court simply noted on the case action summary, “Probation is revoked.” (C. 3, 14.) There is no other probation order in the record before us.
“ ‘In accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.’ Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App.1997). ‘These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.’ T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Crim.App.1994).”.
Chenault v. State, 777 So.2d 314, 316-17 (Ala.Crim.App.2000). See also Rule 27.6(f), Ala. R.Crim. P. (“The judge shall make a .written statement or state for the record the evidence relied upon and the reasons for revoking probation.”). The State acknowledges that the revocation order is inadequate.
Because the trial court’s order fails to state the evidence relied upon and the reasons for revoking probation, we agree *396 with Salter, and the State, that this cause is due to be remanded to the trial court in order for the trial court to enter an adequate written order as required by Rule 27.6(f). Due return shall be made to this court within 42 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On August 20, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion.