BASCHAB, Judge.
On June 22, 1998, the appellant, Patsy L. Gore, pled guilty to first-degree theft of property and unlawful possession of a controlled substance. The trial court sentenced her to serve concurrent terms of seven years in prison, but suspended her sentences and ordered her to serve five years on supervised probation. On May 29, 2003, the circuit court entered an “Amendment to Probation Order.” In September and December 2003, the appellant’s probation officer filed a “Petition for Revocation Hearing” and an “Officer’s Report on Delinquent Probationer.” After conducting a revocation hearing, the circuit court revoked the appellant’s probation. This appeal followed.
The appellant argues that the circuit court did not have jurisdiction to revoke her probation. Specifically, she contends that the maximum period of probation set forth in § 15-22-54(a), Ala.Code 1975, expired before revocation proceedings were initiated. The appellant was placed on probation on June 22, 1998. On May 29, 2003, the circuit court entered an “Amendment to .Probation Order” in which it stated that it had received information from the appellant’s probation officer and that it was extending the appellant’s probation for one year. Subsequently, in September and December 2003, the appellant’s probation officer filed a “Petition for Revocation Hearing” and an “Officer’s Report on Delinquent Probationer.”
Initially, we note that
“[t]he period of probation or suspension of execution of sentence shall be determined by the court, and the period of probation or suspension may be continued, extended, or terminated. However, in no case ... shall the maximum probation period of a defendant guilty of a felony exceed five years.”
§ 15-22-54(a), Ala.Code 1975 (emphasis added). On May 29, 2003, the circuit court could not have extended the appellant’s probation by one additional year because that would have caused her total probationary period to exceed the five-year maximum probationary period set forth in § 15-22-54(a), Ala.Code 1975. However,
“[t]he trial court retains jurisdiction to revoke a defendant’s probation if the revocation proceedings are instigated during the actual court-ordered probationary period, or before the end of the maximum statutorily allowed period.”
Owens v. State, 728 So.2d 673, 678 (Ala.Crim.App.1998) (emphasis added).
“If the process for revoking probation has begun before the probationary period expires, the running of the probationary period is tolled and the court continues to have jurisdiction over the probation. Young, 552 So.2d at 880. For the court to retain jurisdiction beyond probationary period, some overt or affirmative act to officially begin revocation proceedings must have oc *1063 curred. Id. at 881; see also Watkins, 455 So.2d at 163.”
Smitherman v. State, 639 So.2d 569, 570 (Ala.Crim.App.1993) (emphasis added).
“(a) Initiation of Revocation Proceedings.
“(1) Petition by Prosecutor or Probation Officer. If either the prosecutor or the probation officer responsible for supervision of the probationer has reasonable cause to believe that probationer has violated a condition or a regulation of probation or has acted contrary to the instructions issued by the probation officer, the prosecutor or the probation officer may petition the sentencing court to revoke probation.
“(2) Initiation by the Court. The sentencing court, on its own motion, may initiate proceedings to revoke probation by an order to show cause specifying the alleged violation of conditions, regulations, or instructions.”
Rule 27.4, Ala. R.Crim. P.
The circuit court filed its “Amendment to Probation Order” before the five-year maximum probationary period had expired. However, the amendment did not include an order to show cause or allege that the appellant had violated any conditions, regulations, or instructions of her probation. Rather, it simply indicated that the circuit court had spoken to the appellant’s probation officer. Because it was not an overt or affirmative action that officially began the revocation proceedings, the circuit court’s “Amendment to Probation Order” was not sufficient to initiate revocation proceedings and toll the running of the appellant’s probationary period. See Rule 27.4(a), Ala. R.Crim. P.; Watkins v. State, 455 So.2d 160 (Ala.Crim.App.1984) (holding that a notation in the probation officer’s file that Watkins was delinquent was not sufficient to initiate revocation proceedings and to toll the running of Watkins’ probationary period).
Finally, the appellant’s probation officer did not file her first “Petition for Revocation Hearing” and “Officer’s Report on Delinquent Probationer” until September 2003, almost three months after the maximum five-year probationary period had expired. Therefore, the probation officer’s actions did not timely initiate revocation proceedings.
Because the revocation proceedings were not initiated before the statutory maximum period of probation had expired, the circuit court did not have jurisdiction to revoke the appellant’s probation. See Owens, supra; Smitherman, supra. Accordingly, we reverse the circuit court’s judgment and remand this case for the circuit court to set aside its order revoking the appellant’s probation.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.