Kambuia McIntosh appeals from the revocation of his probation. He pleaded guilty on January 25, 1999, to theft of property in the second degree, a violation of § 13A-8-4, Ala. Code 1975. McIntosh was sentenced to three years' imprisonment. The trial court ordered his sentence to run concurrently with another sentence he was serving. The trial court also ordered that, upon completion of a substance abuse program, McIntosh was to be placed on supervised probation for the remainder of his sentence. In addition, the trial court ordered him to pay $50 to the victims compensation fund, to pay attorney fees, and to pay court costs. Subsequently, McIntosh successfully completed the substance abuse program and was placed on supervised probation. On July 30, 1999, McIntosh's probation officer filed a delinquency report, recommending that his probation be revoked. After a hearing, the trial court revoked McIntosh's probation. (R. 20.) On appeal, McIntosh argues (1) that he was not adequately notified of the terms and conditions of his probation, (2) that the State failed to present sufficient evidence at the hearing to warrant revocation of his probation, (3) that the trial court revoked his probation based on his inability to pay the fines and court costs imposed in his case, in violation of Rule 26.11, Ala.R.Crim.P., and (4) that the trial court's revocation order fails to adequately specify the evidence relied upon in revoking his probation.
 I.
McIntosh maintains that he was not adequately notified of the terms and conditions of his probation, that the State failed to present sufficient evidence at the hearing to warrant revocation of his probation, and that the trial court revoked his probation based on his inability to pay fines and court costs, in violation of Rule *Page 390 
26.11, Ala.R.Crim.P. McIntosh failed to object to these issues at the probation revocation hearing. Because the general rules of preservation apply to revocation hearings, we cannot review these issues on appeal. See Wright v. State, 717 So.2d 444
(Ala.Cr.App. 1998) (issue regarding sufficiency of the evidence upon which the revocation of probation was based was not preserved for appellate review because appellant failed to object to the trial court); Trice v. State, 707 So.2d 294 (Ala.Cr.App. 1997);Taylor v. State, 600 So.2d 1080 (Ala.Cr.App.), aff'd on return to remand, 600 So.2d 1082 (Ala.Cr.App. 1992) ("`It is for the trial court . . . to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings.'").
 II.
McIntosh also maintains that the trial court's revocation order fails to adequately specify the evidence relied upon in revoking his probation, as required by Armstrong v. State,294 Ala. 100, 312 So.2d 620 (1975). Although McIntosh failed to raise this issue in the lower court, "an objection to the adequacy of the written order revoking probation need not be raised at trial to be preserved for appellate review." Wright v. State, 717 So.2d 444,445 (Ala.Cr.App. 1998), citing Puckett v. State, 680 So.2d 980,983 (Ala.Cr.App. 1996).
The trial court's written revocation order states:
 "This cause coming on for probation revocation hearing and the State by its District Attorney/Assistant Deputy Attorney, the Probation Officer and the Defendant with counsel, all being present in open Court; the Defendant having been given written notice of the claimed violations of his probation as set out in the petition;
 "The Court finds from substantial evidence and testimony that the Defendant has willfully failed to comply with the terms and conditions of his probation, to wit:
 "Charge No. 1, Violation of Condition No. 4, Failure to Report; Charge No. 2, Violation of Special Condition, Failure to Pay Court Costs, attorney's fee, [Alabama Crime Victims' Compensation Commission] Fee and Restitution; Charge No. 3, Violation of Condition No. 12, Failure to Pay Supervision Fee, and Charge No. 4, Violation of Condition No. 9, Moving Without Permission.
 "The Court finds there is sufficient proof that the Defendant breached the foregoing condition(s) of probation and that the Defendant is guilty of same; it is ORDERED that the Defendant's probation be and the same is hereby revoked and the defendant is to commence serving the sentence imposed by the Court."
(C. 28-29.)
"In accordance with Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation." Trice v. State, 707 So.2d 294,295 (Ala.Cr.App. 1997). "These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct." T.H.B. v. State,649 So.2d 1323, 1324 (Ala.Cr.App. 1994).
Although the trial court adequately set forth the reasons it relied upon in revoking McIntosh's probation, the order fails to adequately specify the evidence it relied upon. This court has consistently held that general recitations by the trial court that it considered the "testimony and arguments of counsel," "testimony of the defendant," "sworn testimony," "testimony in open court," are insufficient to satisfy *Page 391 
the due process requirements of Armstrong. See James v. State,729 So.2d 364 (Ala.Cr.App. 1998); Rutledge v. State,689 So.2d 1002 (Ala.Cr.App. 1996); Rivers v. State,689 So.2d 990 (Ala.Cr.App. 1996); Jones v. State, 671 So.2d 770
(Ala.Cr.App. 1995). Therefore, the trial court failed to adequately specify the evidence that it relied upon in revoking McIntosh's probation by stating in its written order only that it had heard "substantial evidence and testimony."
We therefore remand this cause to the trial court with directions that it produce a written statement of the evidence it relied upon in revoking McIntosh's probation. A copy of the trial court's statement shall be returned to this court within 30 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur. *Page 820