This is an appeal by James Lincoln Lowe from the trial court's revocation of his probation. On October 25, 1999, pursuant to a negotiated agreement, Lowe pleaded guilty to second-degree receiving stolen property. The trial court sentenced him to serve five years in prison, but suspended the sentence and placed Lowe on probation for five years. On August 7, 2001, a delinquency petition was filed against Lowe. After conducting a hearing, the trial court revoked Lowe's probation on September 20, 2001. Lowe filed a "Motion to Reconsider, Alter, Amend or Vacate or in the Alternative for New Trial," which the trial court summarily denied. (C.R. 34.)
On appeal, Lowe argues 1) that the trial court's order is inadequate because it does not specify the evidence relied upon in revoking Lowe's probation or the reasons for the revocation,[1] and 2) that the trial court erroneously revoked his probation on the basis of his failure to pay court-ordered monies. The State agrees that this cause should be remanded in order for the trial court to enter an adequate written order as required by Rule 27.6(f), Ala.R.Crim.P.
 "The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Cr.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App. 1992). This Court `has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held.' Puckett, 680 So.2d at 983."
Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). This Court has also held that a defendant can raise for the first time on appeal the allegation that the trial court erroneously failed to advise him of his right to request counsel during probation revocation proceedings. Law v.State, 778 So.2d 249 (Ala.Crim.App. 2000).
Lowe did not present his second argument regarding his failure to pay court-ordered monies to the trial court; therefore, he has not preserved that issue for appellate review. Owens, supra.
Lowe's first argument, however, appears to have merit. In revoking his probation, the trial court issued the following order:
 "Upon Petition for Revocation being filed on . . . August 7, 2001, and case coming on to be heard on September 20, 2001, with said Defendant and his attorney present . . ., the Court finds that the Defendant was served with a copy of the Delinquent Charges against him on August 16, 2001, and upon Defendant's attorney of record on September 20, 2001.
 "Now comes the Defendant with his attorney and in open court this the 20th day of September 2001, the State having proven the violations alleged in Charge Nos. 5, 6, and 7, after hearing testimony of the Defendant to show cause why his probation should not be revoked at this time, the Court finds that the Defendant violated the conditions of his probation as set forth in the Delinquent Charges, more specifically[,] Charge[s] Nos. 5, 6, and 7. *Page 856 
 "It is, therefore, ORDERED, ADJUDGED AND DECREED BY THE COURT that the Defendant's probation be and hereby is REVOKED and the Defendant is hereby sentenced to imprisonment in the State Penitentiary for a term of five (5) years for the offense of Receiving Stolen Property, 2nd Degree."
(C.R. 29.)
 "`In accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.' Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App. 1997). `These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.' T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Crim.App. 1994)."
Chenault v. State, 777 So.2d 314, 316-17 (Ala.Crim.App. 2000). See also
Rule 27.6(f).
Although the trial court's order alludes to the numbers of the charges in the delinquency petition filed against Lowe, this is inadequate to state the grounds for revocation, particularly in light of the fact that the record reflects that there is no "Charge 7" in the petition. Additionally, the order does not state to any extent the evidence relied upon by the trial court in reaching its decision to revoke Lowe's probation.
Therefore, we remand this cause to the trial court for that court to enter an adequate written order as required by Rule 27.6(f). Due return shall be made to this Court within 28 days of the date of this opinion.
REMANDED WITH DIRECTIONS*.
McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.
[1] In the body of this argument, Lowe also appears to take issue with the sufficiency of the evidence against him. However, he did not first present this argument to the trial court; therefore, he has not preserved this argument for appellate review. Owens v. State, 728 So.2d 673
(Ala.Crim.App. 1998).
* Note from the reporter of decisions: On September 20, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion.