On October 19, 1998, Dontel Oneal Sykes pleaded guilty to second-degree robbery. The circuit court sentenced him to serve 15 years in prison, but suspended the sentence and ordered that Sykes be placed on supervised probation for 5 years. After a hearing on December 18, 2001, the circuit court revoked Sykes's probation. This appeal followed.[1]
On appeal, Sykes argues 1) that the circuit court's order revoking his probation is inadequate because it does not specifically identify the evidence the court relied on in revoking Sykes's probation; 2) that the circuit court's order revoking his probation is inadequate because it does not contain any findings that "no measure short of confinement would adequately protect the community" (Appellant's brief on appeal, p. 4); 3) that the circuit court erroneously revoked his probation "on the grounds [that he had committed] a `new offense' without sufficient or credible evidence" (Appellant's brief on appeal, p. 4); 4) that the revocation was in error because "the underlying case supporting the revocation was dismissed" (Appellant's brief on appeal, p. 4); and 5) and that the revocation was not supported by the evidence presented during the hearing.
 "The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Cr.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App. 1992). This Court `has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held.' Puckett, 680 So.2d at 983."
Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). This Court has also held that a defendant can raise for the first time on appeal the allegation that the trial court erroneously failed to advise him of his right to request counsel during probation *Page 381 
revocation proceedings. Law v. State, 778 So.2d 249 (Ala.Crim.App. 2000).
Sykes's arguments 3, 4, and 5 were not presented to the circuit court; therefore, Sykes has not preserved them for appellate review.
As for Sykes's argument 2 — that the revocation order is inadequate because it fails to indicate that no measure short of confinement is appropriate — a revocation order that states "the evidence relied upon and the reasons for revoking probation" is sufficient. Rule 27.6(f), Ala.R.Crim.P. See also Trice v. State,707 So.2d 294 (Ala.Crim.App. 1997). The fact that the order does not address whether confinement is the best option upon revocation of probation does not defeat an otherwise sufficient order. Therefore, this claim is without merit.
However, Sykes's claim that the circuit court's order does not sufficiently state what evidence it relied on to revoke his probation has merit. The circuit court made the following findings in its revocation order:
 "This case is before the Court for a final probation revocation hearing. The State is represented by Assistant District Attorney Patrick Lamb, and the Defendant appears with his attorney. Testimony and other evidence is presented and considered by the Court.
 "The Court is reasonably satisfied that on April 20, 2001, while on probation in the above-numbered case, the Defendant intervened in a fight between his brother and another person by the name of Laurence Ford. The Defendant in the course of allegedly breaking up the fight used more force and violence against Laurence Ford than was reasonably necessary to assist with his brother's defense. The force and violence inflicted by the Defendant caused physical injuries to Laurence Ford. When he appeared in the Decatur Municipal Court to defend against the charge of assault in the third degree arising from this incident, the Defendant was found guilty after a trial."
(R. 15.) (Emphasis added.)
 "This court has consistently held that general recitations by the trial court that it considered the `testimony and arguments of counsel,' `testimony of the defendant,' `sworn testimony,' `testimony in open court,' are insufficient to satisfy the due process requirements of Armstrong[v. State, 294 Ala. 100, 312 So.2d 620 (1975)]."
McIntosh v. State, 762 So.2d 388, 390-91 (Ala.Crim.App. 1999) (citingJames v. State, 729 So.2d 364 (Ala.Crim.App. 1998); Rutledge v. State,689 So.2d 1002 (Ala.Crim.App. 1996); Rivers v. State, 689 So.2d 990
(Ala.Crim.App. 1996); and Jones v. State, 671 So.2d 770 (Ala.Crim.App. 1995)). Because the circuit court's order states only that it relied on "[t]estimony and other evidence . . . presented and considered by the Court," the order is insufficient, and we must remand this cause so that the circuit court can specify the evidence, if any, on which it relied to revoke Sykes's probation.[2] Due return shall be made to this Court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS*. *Page 382 
McMillan, P.J., and Wise, J., concur. Shaw, J., concurs in the result, without opinion. Baschab, J., dissents without opinion.
[1] Sykes attaches several postjudgment motions to his brief to this Court, none of which are in the record before us. Because they are not part of the record, we do not consider those postjudgment motions.
[2] In Trice v. State, 707 So.2d 294, 299 (Ala.Crim.App. 1997), this Court urged the Alabama Supreme Court "to modify its present requirement that a separate written order be entered when a transcript of the revocation hearing is available." We again urge the Alabama Supreme Court to reconsider its holding in Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975).
* Note from the reporter of decisions: On September 20, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On November 1, 2002, that court denied rehearing, without opinion. *Page 1228