Cornet Larry Beard, Jr., appeals the trial court's order revoking his probation.
On April 14, 2000, Beard pleaded guilty to unlawful possession of marijuana in the second degree, a violation of § 13A-12-214, Ala. Code 1975, and to unlawful possession of a controlled substance, a violation of § 13A-12-211, Ala. Code 1975. Beard was sentenced to one year's imprisonment for the possession-of-marijuana conviction and to 10 years' imprisonment for the possession-of-a-controlled-substance conviction; the sentences were to run concurrently. Both sentences were suspended, and Beard was placed on two years' probation for the possession-of-marijuana conviction and on five years' probation for the possession-of-a-controlled-substance conviction.
On June 12, 2002, Beard's probation officer filed a delinquency report alleging that Beard had violated the terms and conditions of his probation by "fail[ing] to conduct himself in an honorable manner and fail[ing] to follow [an] instruction of [his] probation officer." (C. 21.) Beard had been arrested for this alleged probation violation on June 10, 2002. On June 19, 2002, Beard's probation officer filed a supplemental delinquency report alleging that Beard had also violated the terms and conditions of his probation by committing four new offenses — specifically, two counts of domestic violence, one count of reckless endangerment, and one count of possession of a firearm. On July 24, 2002, the trial court conducted a probation-revocation hearing, after which the court revoked Beard's probation on both cases.
On appeal, Beard raises two issues. He argues (1) that the trial court's revocation of his probation was improper because, he says, it was based solely on hearsay, and (2) that the trial court's order revoking his probation was deficient under Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992).
Beard's probation officer, Eric B. Coone, was the only witness to testify at the probation-revocation hearing. He stated that in March 2002, Beard was placed on electronic monitoring and was living with his mother. On May 24, 2002, Beard informed Coone that a conflict had arisen between him and his mother and that he wanted to move in with his girlfriend, Lisa Robinson. Coone gave Beard permission to move in with Robinson. On June 6, 2002, Coone said, he became aware of a conflict between Beard and Robinson, and he instructed Beard not to return to Robinson's residence. According to Coone, Beard had another place to live at that time. On June 7, 2002, Coone said, he received a telephone call from Robinson informing him that Beard had come to her residence that morning — giving rise to the allegation that Beard had disobeyed an instruction of his probation officer. Coone testified that *Page 868 
he later obtained incident reports from the Prichard Police Department that indicated that Beard had gone to Robinson's residence at approximately 5:00 a.m. on June 7, 2002, and had assaulted Robinson — giving rise to one of the domestic-violence allegations; that Beard had returned to Robinson's residence a little after 8:00 p.m. on June 7, 2002, and had again assaulted Robinson — giving rise to the second allegation of domestic violence; and that Beard had gone to Robinson's residence on June 9, 2002, armed with a pistol — giving rise to the allegation of possession of a firearm — which Beard had fired at a friend of Robinson's who was also at her residence — giving rise to the reckless-endangerment allegation. Coone testified that when he spoke with Beard on June 10, 2002, Beard admitted that he had gone to Robinson's residence. Finally, Coone testified that he did not know whether Beard had been formally charged as the result of any of the incidents at Robinson's residence.
Beard contends that the only evidence indicating that he committed the four new offenses was the hearsay testimony of Coone and that, therefore, the revocation of his probation was improper. He preserved this issue when, at the conclusion of the revocation hearing, he argued that his probation should not be revoked because, he said "all of this testimony today from the probation officer has been complete hearsay." (R. 27.)
 "It is well settled that hearsay evidence may not form the sole basis for revoking an individual's probation. See Clayton v. State, 669 So.2d 220, 222
(Ala.Cr.App. 1995); Chasteen v. State, 652 So.2d 319, 320 (Ala.Cr.App. 1994); and Mallette v. State, 572 So.2d 1316, 1317 (Ala.Cr.App. 1990). `The use of hearsay as the sole means of proving a violation of a condition of probation denies a probationer the right to confront and to cross-examine the persons originating information that forms the basis of the revocation.' Clayton, 669 So.2d at 222."
Goodgain v. State, 755 So.2d 591, 592 (Ala.Crim.App. 1999).
Implicit in Beard's argument is the assumption that the trial court revoked his probation because of the allegation that he had committed four new offenses. However, the State takes the position that the trial court did not revoke Beard's probation because he had committed four new offenses, but rather because he had disobeyed his probation officer's instruction not to go to Robinson's residence.[1]
In its written revocation order, the trial court stated, in part:
 "Defendant was fully advised of the terms and conditions of his probation.
 "Included among those terms and conditions was that he obey all municipal, state, and federal laws and that he not visit his girlfriend, Ms. Lisa Robinson, due to past problems between the two.
 "While on probation, the defendant has failed to abide by the terms and conditions of his probation by being arrested on new charges including a firearms charge, domestic violence charge, and a reckless endangerment charge.
 "On July 24, 2002, a hearing was held, at which time the defendant admitted new charges and going to Ms. *Page 869 
Robinson's house against his probation officer's instructions.
 "The court is reasonably satisfied from the testimony that the defendant did violate the terms and conditions of his probation by being arrest[ed] on the listed charges. Therefore, the probation granted to the defendant is hereby revoked."
(C. 27.) The reason the trial court revoked Beard's probation is not clear from this order. Based on our review of the record, it appears that Beard's only arrest was when he was taken into custody for the alleged probation violations; the record does not indicate that Beard was ever arrested for the new offenses of domestic violence, reckless endangerment, and possession of a firearm.
Based on our review of the transcript of the revocation hearing, together with the fact that Beard and the State have differing interpretations of the admittedly ambiguous order, we conclude that it is impossible for this Court to address Beard's argument that his probation was revoked based solely on hearsay. It is clear from the record that the only evidence indicating that Beard had committed the four new offenses was hearsay. It is equally clear from the record that there was sufficient nonhearsay evidence presented indicating that Beard had disobeyed his probation officer's instruction not to go to Robinson's residence — specifically, Coone's testimony that Beard had admitted to him that he had gone to Robinson's residence. See Rule 801(d)(2)(A), Ala.R.Evid. (providing that a "party's own statement in either an individual or a representative capacity" is, by definition, nonhearsay). If the trial court revoked Beard's probation because it was reasonably satisfied that Beard had committed the four new offenses, the revocation would be improper because the only evidence presented that Beard committed the new offenses was hearsay. On the other hand, if the trial court revoked Beard's probation because it was reasonably satisfied that Beard had disobeyed an instruction of his probation officer, the revocation would be proper because there was sufficient nonhearsay evidence to support that charge. Because we cannot determine from the trial court's revocation order whether the court revoked Beard's probation because it found that Beard had committed four new offenses or because it found that Beard had disobeyed his probation officer's instruction not to go to Robinson's residence, we must remand this case for the trial court to amend its revocation order to include the specific reason or reasons for revoking Beard's probation.
Beard also argues that the trial court's written revocation order was deficient and improper because, he says, the court did not state the evidence it relied on in revoking his probation and because, he says, the court incorrectly relied on his alleged "admissions" during the revocation hearing when, he says, he never admitted to the probation violations during the revocation hearing.
In its order, the only two references to the evidence on which the trial court relied in revoking Beard's probation are a brief reference to "the testimony" and the following statement: "On July 24, 2002, a hearing was held, at which time the defendant admitted new charges and going to Ms. Robinson's house against his probation officer's instructions." (C. 27.) The record reflects that at the revocation hearing Beard never admitted any of the alleged probation violations. Although he admitted to his probation officer that he had gone to Robinson's residence, the trial court did not state in its order that it was relying on Coone's testimony regarding that admission; it said that it was relying on Beard's alleged admissions at the *Page 870 
revocation hearing. Beard is correct that the trial court's order refers to evidence that was never, in fact, presented at the revocation hearing. In addition, "[t]his court has consistently held that general recitations by the trial court that it considered the `testimony and arguments of counsel,' `testimony of the defendant,' `sworn testimony,' `testimony in open court,' are insufficient to satisfy the due process requirements of Armstrong." McIntosh v. State,762 So.2d 388, 390-91 (Ala.Crim.App. 1999). Therefore, we must also remand this case for the trial court to amend its revocation order to include the specific evidence presented at the hearing that it relied on in revoking Beard's probation.
Based on the foregoing, we remand this case for the trial court to amend its written revocation order to reflect the specific reason or reasons that it revoked Beard's probation and to reflect what evidence presented at the revocation hearing it relied on in doing so. Due return shall be filed no later than 28 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] The State specifically argues that the hearsay evidence regarding the new offenses was merely evidence that "corroborated" Beard's nonhearsay admission to his probation officer that he had disobeyed the officer's instruction not to go to Robinson's residence. (State's brief at p. 8.)
 *Page 683