Debra Renee Williams appeals the trial court's order revoking her probation.
On April 14, 1997, Williams pleaded guilty to the unlawful possession of a controlled substance and was sentenced to 15 years' imprisonment. The sentence was suspended, and she was placed on probation (case no. CC-95-1146). On January *Page 1002 
11, 1999, Williams pleaded guilty to theft of property in the second degree and was sentenced to 15 years' imprisonment. That sentence was also suspended, and Williams was placed on probation (case no. CC-97-1165).
On February 25, 2003, Edward Lane, Williams's probation officer, filed a delinquency report in each case alleging that Williams had violated the terms and conditions of her probation by failing to report to her probation officer and by failing to pay court-ordered moneys. On August 27, 2003, Lane filed a supplemental delinquency report in each case, alleging that Williams had violated the terms and conditions of her probation by committing the new offense of shoplifting and by testing positive for cocaine. After a revocation hearing on September 3, 2003, the trial court revoked Williams's probation in both cases.
 I.
Williams contends that the 15-day delay between her arrest for the probation violations and the probation-revocation hearing was a violation of due process. (Issue II in Williams's brief.) She also contends that the trial court erred in revoking her probation because, she says, she presented "substantial reasons that mitigated" the probation violations. (Issue III in Williams's brief at p. 7.) Neither of these issues was presented to the trial court.
In Evans v. State, 794 So.2d 1234 (Ala.Crim.App. 2000), this Court stated:
 "Even constitutional issues must be properly preserved for appellate review. Brown v. State, 705 So.2d 871, 875 (Ala.Crim.App. 1997).
 "`The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Crim.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081
(Ala.Crim.App. 1992). This court "has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held." Puckett, 680 So.2d at 983.'
 "Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). Additionally, as noted earlier, this Court recently held in Law [v. State, 778 So.2d 249
(Ala.Crim.App. 2000),] that a defendant can also raise for the first time on appeal that the trial court erred in failing to advise him of his right to request an attorney during probation revocation proceedings. 778 So.2d at 250."
794 So.2d at 1236-37. Williams's claims do not fall within one of the recognized exceptions to the general rules of preservation in probation-revocation proceedings. Thus, because Williams did not raise these issues in the trial court, they were not properly preserved for review.
 II.
Williams also contends that the trial court's orders revoking her probation were inadequate. Although Williams did not object on this basis below, it is well settled that "the adequacy of a written order of revocation can be raised for the first time on appeal." Durr v. State, 807 So.2d 595, 595 (Ala.Crim.App. 2001), citing Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998).
 "`In accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992), before probation can be revoked, an Alabama *Page 1003 
trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.' Trice v. State, 707 So.2d 294, 295
(Ala.Crim.App. 1997). `These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.' T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Cr.App. 1994)."
Chenault v. State, 777 So.2d 314, 316-17 (Ala.Crim.App. 2000).
In its orders[1] revoking Williams's probation, the trial court stated, in pertinent part:
 "Comes now the defendant and her attorney and in open Court on this the 3rd day of September, 2003, and after hearing testimony of the defendant to show cause why her probation should not be revoked at this time, the Court finds that the defendant has violated the conditions of her probation as set forth in the Delinquent Charge(s) Number[s] One (1) and Two (2).
 "After due consideration, the Court finds that the defendant has violated the terms of her probation and it is hereby ORDERED, ADJUDGED AND DECREED BY THE COURT that the defendant's probation be and hereby is REVOKED."
(C. 36-A; C. 74.)
In Lowe v. State, 845 So.2d 854, 855 (Ala.Crim.App. 2002), this Court held that the trial court's reference to "Charge Nos. 5, 6, and 7" did not adequately state the reasons for revoking probation where the record indicated that there was no charge no. 7. Compare Rutledge v. State, 689 So.2d 1002, 1003
(Ala.Crim.App. 1996) (holding that the trial court's reference to "Delinquent Charge(s) Number One (1), Two (2), Four (4), and Six (6)" was a sufficient statement of the reasons for revoking probation where it was clear from the record what the charges were). Here, the trial court's reference to "Delinquent Charge(s) Number[s] One (1) and Two (2)" was not sufficient to state the reasons for revoking Williams's probation, especially in light of the fact that there were two delinquency reports filed against Williams, each containing two charges. In the initial delinquency report, "Charge No. 1" is listed as the failure to report to her probation officer and "Charge No. 2" is listed as the failure to pay court-ordered moneys. (C. 32; C. 69.) In the supplemental delinquency report, "Charge No. 1" is listed as the new offense of shoplifting and "Charge No. 2" is listed as testing positive for cocaine. (C. 35-36; C. 72-73.) The trial court's order does not indicate which of the charges in the delinquency reports formed the basis for the revocation of Williams's probation and, thus, does not sufficiently state the reasons for revoking Williams's probation.
In addition, the order does not state the evidence the court relied on in revoking Williams's probation. To the extent that the trial court's statement that it "hear[d] testimony of the defendant to show cause why her probation should not be revoked at this time" (C. 36-A; C. 74) could be interpreted to be a reference to the evidence the court relied on in revoking Williams's probation, "[t]his court has consistently held that general recitations by the trial court that it considered the `testimony and arguments of counsel,' `testimony of the defendant,' `sworn testimony,' `testimony in open court,' are insufficient to satisfy the due process requirements ofArmstrong [v. State, *Page 1004 294 Ala. 100, 312 So.2d 620 (1975)]." McIntosh v. State,762 So.2d 388, 390-91 (Ala.Crim.App. 1999). See also Beard v. State,871 So.2d 866, (Ala.Crim.App. 2003), and Sykes v. State,850 So.2d 379 (Ala.Crim.App. 2002). Thus, the trial court's reference to "the testimony of the defendant" does not adequately set forth the evidence the court relied on in revoking Williams's probation. See Lowe, supra (holding that a revocation order identical to the orders in the present case did not adequately state the evidence the court relied on in revoking probation).
Therefore, based on Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992), we must remand this cause for the trial court to prepare a written revocation order setting forth its specific reasons for revoking Williams's probation and the evidence it relied on in doing so in both case no. CC-95-1146 and case no. CC-97-1165. The trial court shall take the necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB and WISE, JJ., concur.
BASCHAB, J., concurs in the result.
[1] The trial court issued a separate order in each case; the orders were identical.
* Note from the reporter of decisions: On May 21, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion.