On May 12, 2003, James Earl Richardson pleaded guilty to unlawfully possessing a controlled substance (diazepam) and to unlawfully selling a controlled substance (cocaine). The trial court sentenced Richardson, as a habitual offender, to concurrent sentences of 20 years. On each conviction, the trial court suspended the sentences and placed Richardson on supervised probation for five years. As a condition of his probation, Richardson was ordered to spend nine months on "house arrest," during which time he was to wear an electronic monitoring device. Richardson was also ordered to participate in a substance abuse program and to submit to random drug screenings.
On November 6, 2003, Richardson's probation officer filed a petition to revoke Richardson's probation, alleging that Richardson had not abided by the terms of his house arrest. On February 27, 2004, Richardson's probation officer filed an amended delinquency report, adding an allegation that Richardson had failed a drug screening. On March 29, 2004, following a revocation hearing, the trial court revoked Richardson's probation. This appeal followed.
On appeal, Richardson argues that the trial court violated his right to due process by accepting his admission that he had violated a condition of his probation; that the trial court erred by failing to state the reasons for revoking Richardson's probation and the evidence relied on in doing so; and that the revocation of Richardson's probation was not the least restrictive sanction for his having violated a condition of his probation, see Rule 26.8, Ala. R.Crim. P.
Absent a clear abuse of discretion, a reviewing appellate court will not *Page 1116 
disturb a trial court's decision to revoke a defendant's probation. See Ex parte J.J.D., 778 So.2d 240 (Ala. 2000).
 "The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Cr.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App. 1992). This Court `has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held.' Puckett, 680 So.2d at 983."
Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). This Court has also held that a defendant can raise for the first time on appeal the allegation that the trial court erroneously failed to advise him of his right to request counsel during probation revocation proceedings. Law v. State, 778 So.2d 249
(Ala.Crim.App. 2000).
Initially, we note that Richardson did not first present to the trial court his arguments regarding due process and the admissibility of his admission; therefore, those arguments have not been preserved for appellate review. See Owens, supra.
As for Richardson's argument regarding the reasons for the revocation, we note that the trial court's revocation order reads, in pertinent part, as follows:
 "Now comes the Defendant and his attorney and in open Court on this the 29th day of March 2004, after hearing testimony of the Defendant to show cause why his alternative sentence with Etowah County Community Corrections Alternative Sentencing Program should not be revoked at this time, the Court finds the Defendant has violated the conditions of his alternative sentence as set forth in the Delinquent Charge(s), more specifically Charge No. 1 (Electronic Monitoring Violations[)] and Charge No. 2 (Positive Drug Screen).
 "After due consideration, the Court finds that the Defendant has violated the terms of his alternative sentence and it is hereby ORDERED, ADJUDGED AND DECREED BY THIS COURT that the Defendant's alternative sentence be and hereby is REVOKED as of this date and the Defendant is hereby ordered to serve his original underlying sentence of twenty (20) years, in the State Penitentiary."
(R. 46, 95.)
In terms of whether the revocation order sufficiently states the evidence the trial court relied upon in revoking Richardson's probation, we addressed a nearly identical revocation order inWilliams v. State, 891 So.2d 1001 (Ala.Crim.App. 2004).[1] The order in Williams read as follows:
 "`Comes now the defendant and her attorney and in open Court on this the 3rd day of September, 2003, and after hearing testimony of the defendant to show cause why her probation should not be revoked at this time, the Court finds that the defendant has violated the conditions of her probation as set forth in the Delinquent Charge(s) Number[s] One (1) and Two (2).
 "`After due consideration, the Court finds that the defendant has violated the terms of her probation and it is hereby ORDERED, ADJUDGED AND DECREED BY THE COURT that the defendant's *Page 1117 
probation be and hereby is REVOKED.'"
Williams, 891 So.2d at 1003. In holding that the revocation order did not sufficiently state the evidence relied upon by the trial court in revoking Williams's probation we reasoned:
 "In addition, the order does not state the evidence the court relied on in revoking Williams's probation. To the extent that the trial court's statement that it `hear[d] testimony of the defendant to show cause why her probation should not be revoked at this time' (C. 36-A; C. 74) could be interpreted to be a reference to the evidence the court relied on in revoking Williams's probation, `[t]his court has consistently held that general recitations by the trial court that it considered the "testimony and arguments of counsel," "testimony of the defendant," "sworn testimony," "testimony in open court," are insufficient to satisfy the due process requirements of Armstrong [v. State, 294 Ala. 100, 312 So.2d 620
(1975)].' McIntosh v. State, 762 So.2d 388, 390-91
(Ala.Crim.App. 1999). See also Beard v. State, 871 So.2d 866 (Ala.Crim.App. 2003), and Sykes v. State, 850 So.2d 379 (Ala.Crim.App. 2002). Thus, the trial court's reference to `the testimony of the defendant' does not adequately set forth the evidence the court relied on in revoking Williams's probation. See Lowe [v. State, 845 So.2d 854 (Ala.Crim.App. 2002)] (holding that a revocation order identical to the orders in the present case did not adequately state the evidence the court relied on in revoking probation)."
Williams, 891 So.2d at 1003-04.
Therefore, the trial court's reference in this case to having heard the "testimony of the defendant" does not adequately set forth the evidence it relied upon in revoking Richardson's probation, and we remand this cause for the trial court to prepare a written revocation order setting forth the evidence it relied upon in revoking Richardson's probation in both cases before us. Due return shall be made to this Court within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and SHAW and WISE, JJ., concur. BASCHAB, J., concurs in the result.
[1] We note that the order in Williams, unlike the order in this case, did not state the reasons for revocation. The revocation order in this case sufficiently states the reasons for revocation because the substance of the delinquency charges is listed, rather than simply the charge numbers.
* Note from the reporter of decisions: On January 21, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion.