Rel: December 19, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2025-2026

———————————————

## CR-2025-0107

———————————————

**Lowery Dale Wilson**

**v.**

**State of Alabama**

**Appeal from Lauderdale Circuit Court
(CC-23-1239.70)**

On Application for Rehearing

KELLUM, Judge.

This Court's opinion issued on September 26, 2025, is withdrawn, and the following is substituted therefor.

Lowery Dale Wilson appeals from the Lauderdale Circuit Court's order granting the State's motion to impose sentence and revoking his

participation in the Lauderdale County Community Corrections ("LCCC") program.

The limited record before us on appeal indicates that Wilson pleaded guilty to discharging a gun into an occupied building and was sentenced to 15 years' imprisonment, "split to time served," with the remainder of the sentence suspended for 60 months; Wilson was placed in the LCCC program for 24 months. (C. 6.) On August 27, 2024, Wilson reported to the LCCC program for an evaluation, at which time Wilson was asked to read and sign "the LCCC Rules, Requirements and Information form." (C. 8.) After learning that he would be placed on the "color code program,"[1] Wilson refused to sign the LCCC form acknowledging the rules and regulations and admitted that there were drugs in his system. (C. 8.) The LCCC program evaluation was then terminated.

On August 27, 2024, the State filed a motion to impose sentence in the circuit court, alleging that Wilson had refused to sign the necessary LCCC paperwork and to submit to the color-code program, thus resulting

---

[1]"Color code program" refers to a drug-testing program in which participants are assigned a specific color and are required to undergo a drug test when their assigned color is called.

in the termination of Wilson's LCCC program evaluation. On September 17, 2024, the State filed a motion to amend its motion to impose sentence, in which the State alleged that Wilson had been arrested and charged with possessing a firearm while being within the class of certain persons forbidden to possess a firearm. The circuit court granted the motion to amend.

On October 29, 2024, after holding a hearing on the State's amended motion to impose sentence, the circuit court entered an order stating that "sentencing is set December 5, 2024, @ 1:30 p.m." On November 22, 2024, Wilson filed a motion to reconsider, in which he referenced testimony taken at the October 29, 2024, hearing. In his motion to reconsider, Wilson stated that the circuit court had found that the State had "met [its] burden" at the conclusion of the hearing but had given Wilson an opportunity to respond by brief or motion to address any issues raised during the hearing. (C. 17.) On December 7, 2024, the circuit court held a hearing on the motion to reconsider. On December 10, 2024, the circuit court entered an order ("the revocation order"), in which it granted the State's motion to impose sentence, denied the motion to reconsider, revoked Wilson's participation in the LCCC program, and

ordered Wilson to serve the balance of his sentence in the custody of the Alabama Department of Corrections. Wilson filed a timely notice of appeal.

On appeal, Wilson contends, among other things, that this case is due to be remanded based on the circuit court's failure to enter a revocation order that complies with Rule 27.6(f), Ala. R. Crim. P. We agree.

> "We first note that the revocation of a sentence served under a community-corrections program is treated the same as a probation revocation. See § 15-18-175(d)(3)b., Ala. Code 1975 ('A revocation hearing shall be conducted before the court prior to revocation of the community corrections sentence. The court shall apply the same due process safeguards as a probation revocation proceeding and may modify or revoke the community punishment sentence and impose the sentence that was suspended at the original hearing or any lesser sentence....'); Richardson v. State, 911 So. 2d 1114 (Ala. Crim. App. 2004) (treating the revocation of a community-corrections sentence as a probation revocation)."

Corbitt v. State, 369 So. 3d 682, 684 (Ala. Crim. App. 2022).

Rule 27.6(f) provides that, when revoking probation, "[t]he judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation." In McCoo v. State, 921 So. 2d 450, 462-63 (Ala. 2005), the Alabama Supreme Court held:

4

"It follows that the requirement of <u>Wyatt [v. State</u>, 608 So. 2d 762 (Ala. 1992),] and its associated cases -- that the trial court enter a written order stating its reasons for the revocation and the evidence relied upon regardless of the state of the record -- is no longer applicable. Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27.6(f)[, Ala. R. Crim. P.,] statements are presented by that record. Thus, the Court of Criminal Appeals may examine the record and conclude that 'oral findings, if recorded or transcribed, can satisfy the requirements of <u>Morrissey [v. Brewer</u>, 408 U.S. 471 when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.' [United States v.] <u>Copeland</u>, 20 F.3d [412,] 414 [(11th Cir. 1994)].

"We hasten to note that our holding in this case does not diminish the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons. The requirements of <u>Wyatt</u> will still be fully applicable in those situations where the record, for lack of transcription of the revocation hearing or for some other reason, fails to clearly and unambiguously set forth the reasons for the revocation and the evidence that supported those reasons. Thus, the requirements of <u>Wyatt</u> are fully applicable to the trial court's order of revocation where the record fails to comply with Rule 27.6(f)."

In this case, the circuit court did not provide the reasons for revoking Wilson's participation in the LCCC program and the evidence the court relied on to revoke. At the conclusion of the revocation hearing, the circuit court did not state its reasons for revoking Wilson's

participation in the LCCC program or reference the evidence supporting those reasons. Further, the revocation order entered by the circuit court merely states that the motion to impose sentence filed by the State is granted and makes no reference to the basis for the decision to grant the State's motion. As noted by our Supreme Court in McCoo, supra, some affirmative action on the part of the circuit court is required when making a revocation decision.

Accordingly, this case is hereby remanded to the Lauderdale Circuit Court for that court to enter a new order stating its reasons for revoking Wilson's participation in the LCCC program and the specific evidence relied upon in revoking his participation in that program. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.

APPLICATION GRANTED; OPINION OF SEPTEMBER 26, 2025, WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH INSTRUCTIONS.

Windom, P.J., and Cole, Minor, and Anderson, JJ., concur.